**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: ranen@lbbslaw.com
BRENDAN T. SAPIEN, SB# 274247
  E-Mail: bsapien@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Inland Counties
Regional Center

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA IBARRA, et al.<br><br>              Plaintiff,<br><br>       vs.<br><br>INLAND COUNTIES REGIONAL CENTER, INC. and DOES 1 THROUGH 50, inclusive,<br><br>              Defendant. | CASE NO. EDCV13-00671 MWF (OPx)<br><br>The Hon. Michael W. Fitzgerald<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**<br><br><br>Trial Date:      September 23. 2014 |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further

LEWIS
BRISBOIS

4837-1613-6215.1

<u>STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION</u>

1  acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective

2  Order does not entitle them to file confidential information under seal; Civil Local

3  Rule 79-5 sets forth the procedures that must be followed and the standards that will

4  be applied when a party seeks permission from the court to file material under seal.

5       2.   <u>DEFINITIONS</u>

6       2.1   Challenging Party:  a Party or Non-Party that challenges the

7  designation of information or items under this Order.

8       2.2   "CONFIDENTIAL" Information or Items:  information (regardless of

9  how it is generated, stored or maintained) or tangible things that qualify for

10  protection under Federal Rule of Civil Procedure 26(c).

11       2.3   Counsel (without qualifier):  Outside Counsel of Record and House

12  Counsel (as well as their support staff).

13       2.4   Designating Party:  a Party or Non-Party that designates information or

14  items that it produces in disclosures or in responses to discovery as

15  "CONFIDENTIAL."

16       2.5   Disclosure or Discovery Material:  all items or information, regardless

17  of the medium or manner in which it is generated, stored, or maintained (including,

18  among other things, testimony, transcripts, and tangible things), that are produced or

19  generated in disclosures or responses to discovery in this matter.

20       2.6   Expert:  a person with specialized knowledge or experience in a matter

21  pertinent to the litigation who has been retained by a Party or its counsel to serve as

22  an expert witness or as a consultant in this action.

23       2.7   House Counsel:  attorneys who are employees of a party to this action.

24  House Counsel does not include Outside Counsel of Record or any other outside

25  counsel.

26       2.8   Non-Party:  any natural person, partnership, corporation, association, or

27  other legal entity not named as a Party to this action.

28  / / /

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>PROTECTED MATERIAL</u>

Protected Material, for the purposes of this Stipulation shall be defined as:

a)    Documents disclosing the name, address, telephone number, Unique Client Identification ("UCI") number or any other date identifying or relating to an individual consumer of services under the *Lanterman Development Disabilities Services Act,* California *Welfare and Institutions Code* §§ 4500, et seq.;

b)    Any other Document made confidential pursuant to California *Welfare and Institutions* Code § 4515; and

c)    Any Documents disclosing the name, address, telephone number, UCI number or any other date identifying or relating to an individual consumer of services, containing medical information implicating consumers' privacy rights and personal health information which is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

4.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.      GOOD CAUSE STATEMENT

Good cause exists for the granting of this Protective Order stipulated to by the parties and requested of this Court to protect the highly confidential and sensitive information contained in the Protected Material defined above and maintained by Defendant Inland Counties Regional Center, Inc. ("IRC"), relating to the care it provides the disabled individuals it serves.  The Protected Material requested by Plaintiff and maintained by Defendant, pertains to third party individuals not directly involved in this litigation.  These records disclose the name, address, telephone number, Unique Client Identification ("UCI") number, and other information identifying an individual consumer of services under the Lanterman Development Disabilities Services Act, California *Welfare and Institutions* Code §§ 4500, et seq., governing California Regional Centers, like IRC.  Further, these

documents are confidential pursuant to California *Welfare and Institutions Code* § 4515. Also, these documents disclose confidential and sensitive medical information implicating consumers' state and federal privacy rights and personal health information which is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), such as records describing their various illnesses and afflictions, the treatment these individuals receive, and their health status at a particular times.

6.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.   <u>DESIGNATING PROTECTED MATERIAL</u>

7.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or

1   to impose unnecessary expenses and burdens on other parties) expose the
2   Designating Party to sanctions.

3   If it comes to a Designating Party's attention that information or items that it
4   designated for protection do not qualify for protection, that Designating Party must
5   promptly notify all other Parties that it is withdrawing the mistaken designation.

6   7.2   Manner and Timing of Designations.   Except as otherwise provided in
7   this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise
8   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
9   under this Order must be clearly so designated before the material is disclosed or
10  produced.

11  Designation in conformity with this Order requires:

12  (a)  for information in documentary form (e.g., paper or electronic documents,
13  but excluding transcripts of depositions or other pretrial or trial proceedings), that
14  the Producing Party affix the legend "CONFIDENTIAL" to each page that contains
15  protected material. If only a portion or portions of the material on a page qualifies
16  for protection, the Producing Party also must clearly identify the protected portion(s)
17  (e.g., by making appropriate markings in the margins).

18  A Party or Non-Party that makes original documents or materials available for
19  inspection need not designate them for protection until after the inspecting Party has
20  indicated which material it would like copied and produced. During the inspection
21  and before the designation, all of the material made available for inspection shall be
22  deemed "CONFIDENTIAL." After the inspecting Party has identified the
23  documents it wants copied and produced, the Producing Party must determine which
24  documents, or portions thereof, qualify for protection under this Order. Then, before
25  producing the specified documents, the Producing Party must affix the
26  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a
27  portion or portions of the material on a page qualifies for protection, the Producing
28  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

LEWIS
BRISBOIS

1  markings in the margins).

2      (b)  for testimony given in deposition or in other pretrial or trial proceedings,

3  that the Designating Party identify on the record, before the close of the deposition,

4  hearing, or other proceeding, all protected testimony.

5      (c)  for information produced in some form other than documentary and for

6  any other tangible items, that the Producing Party affix in a prominent place on the

7  exterior of the container or containers in which the information or item is stored the

8  legend "CONFIDENTIAL." If only a portion or portions of the information or item

9  warrant protection, the Producing Party, to the extent practicable, shall identify the

10 protected portion(s).

11      7.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

12 failure to designate qualified information or items does not, standing alone, waive

13 the Designating Party's right to secure protection under this Order for such material.

14 Upon timely correction of a designation, the Receiving Party must make reasonable

15 efforts to assure that the material is treated in accordance with the provisions of this

16 Order.

17      8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

18      8.1    Timing of Challenges.  Any Party or Non-Party may challenge a

19 designation of confidentiality at any time. Unless a prompt challenge to a

20 Designating Party's confidentiality designation is necessary to avoid foreseeable,

21 substantial unfairness, unnecessary economic burdens, or a significant disruption or

22 delay of the litigation, a Party does not waive its right to challenge a confidentiality

23 designation by electing not to mount a challenge promptly after the original

24 designation is disclosed.

25      8.2    Procedure for Resolving Disputes Over the Designation of Documents.

26 The procedure for resolving potential disputes over the confidentiality designation

27 of the Protected Material as issue shall comport with Civil Local Rule 37.

28 / / /

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

/ / /

LEWIS
BRISBOIS

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

10.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

/ / /

/ / /

9

**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

LEWIS
BRISBOIS

1   If the Designating Party timely seeks a protective order, the Party served with

2   the subpoena or court order shall not produce any information designated in this

3   action as "CONFIDENTIAL" before a determination by the court from which the

4   subpoena or order issued, unless the Party has obtained the Designating Party's

5   permission. The Designating Party shall bear the burden and expense of seeking

6   protection in that court of its confidential material – and nothing in these provisions

7   should be construed as authorizing or encouraging a Receiving Party in this action

8   to disobey a lawful directive from another court.

9   11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10         PRODUCED IN THIS LITIGATION

11   (a)  The terms of this Order are applicable to information produced by a Non-

12   Party in this action and designated as "CONFIDENTIAL." Such information

13   produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order. Nothing in these provisions should be

15   construed as prohibiting a Non-Party from seeking additional protections.

16   (b)  In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is

18   subject to an agreement with the Non-Party not to produce the Non-Party's

19   confidential information, then the Party shall:

20   (1)  promptly notify in writing the Requesting Party and the Non-Party that

21   some or all of the information requested is subject to a confidentiality agreement

22   with a Non-Party;

23   (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

24   Order in this litigation, the relevant discovery request(s), and a reasonably specific

25   description of the information requested; and

26   (3)  make the information requested available for inspection by the Non-

27   Party.

28   / / /

LEWIS
BRISBOIS

4837-1613-6215.1

10

**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted

1  to the court.

2      14.  <u>MISCELLANEOUS</u>

3      14.1  Right to Further Relief. Nothing in this Order abridges the right of any

4  person to seek its modification by the court in the future, but no modification by the

5  parties shall have the force or effect of a Court order unless the Court approves the

6  modification.

7      14.2  Right to Assert Other Objections. By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to

9  disclosing or producing any information or item on any ground not addressed in this

10  Stipulated Protective Order. Similarly, no Party waives any right to object on any

11  ground to use in evidence of any of the material covered by this Protective Order.

12      14.3  Filing Protected Material. Without written permission from the

13  Designating Party or a court order secured after appropriate notice to all interested

14  persons, a Party may not file in the public record in this action any Protected

15  Material. A Party that seeks to file under seal any Protected Material must comply

16  with Civil Local Rule 79-5. Protected Material may only be filed under seal

17  pursuant to a court order authorizing the sealing of the specific Protected Material at

18  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

19  request establishing that the Protected Material at issue is privileged, protectable as

20  a trade secret, or otherwise entitled to protection under the law. If a Receiving

21  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

22  5(d) is denied by the court, then the Receiving Party may file the information in the

23  public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the

24  court.

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS

4837-1613-6215.1

12

**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 6 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3      DATED: _____01/08/14_____

4      _____/s/  Todd Boley_____

5          Todd Boley, Esq.

6          Attorneys for Plaintiff

7

8      DATED: ___01/08/14_____

9

10      _____/s/ Brendan T. Sapien_____

11          Brendan T. Sapien, Esq.

12          Attorneys for Defendant

13

14

15      PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17      DATED:  01/14/2014

18

19      _____

20          United States District/Magistrate Judge

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS

4837-1613-6215.1                14

**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

LEWIS
BRISBOIS